UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SINGAPORE DUNES, L.L.C., | ) |
| Plaintiff, | ) Case No. 1:10-cv-210 |
| v. | ) Honorable Paul L. Maloney |
| SAUGATUCK TOWNSHIP, et al., | ) |
| Defendants. | ) **MEMORANDUM OPINION** |

This is a land-use dispute. The principal object of plaintiff's challenge is a zoning ordinance adopted by Saugatuck Township on May 3, 2006, which created an "R-4" Open Space Zoned District that applies to property now owned by plaintiff. Defendants have moved to dismiss the case for lack of subject-matter jurisdiction, asserting that plaintiff has failed to exhaust administrative remedies and relying on the finality requirement of *Williamson Co. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), and subsequent Sixth Circuit cases. Specifically, defendants assert that this case is not ripe because plaintiff has the right under Michigan statute and the relevant zoning ordinance to seek approval of a planned unit development (PUD) before the Saugatuck Township Planning Commission or to seek a use variance before the Zoning Board of Appeals. As plaintiff's complaint essentially admits that plaintiff has sought neither a PUD nor a variance, at a hearing on October 7, 2010, I determined that defendants' motion to dismiss should be deemed a facial attack challenging the sufficiency of the plaintiff's factual allegations, in which all well-pleaded factual allegations are taken as true. *See Am. Telcom Co., LLC v. Republic of*

*Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Because the court's subject-matter jurisdiction is in dispute, I stayed all discovery and all proceedings on defendants' four other dispositive motions, pending a resolution of the jurisdictional challenge. *See Moir v. Greater Cleveland Reg'l Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (court must decide Rule 12(b)(1) motion before addressing any other issue).

Presently pending before the court is plaintiff's motion to strike two exhibits filed by defendants in support of their Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. Specifically, plaintiff seeks an order striking defendants' Exhibit 3 (docket # 19-3), which is the minutes of the meeting of the Township Board conducted on May 3, 2006, at which the challenged R-4 zoning ordinance was passed, and Exhibit 5 (docket #s 22-25), which consists of the affidavit of the Township Administrative Assistant authenticating 149 pages of documents showing that the Zoning Board of Appeals has granted use variances to other parties in the past. Defendants oppose the motion. Chief Judge Paul Maloney has referred the motion to strike to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion to strike will be granted with regard to Exhibit 5 and denied with regard to Exhibit 3.

**Discussion**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal for lack of subject-matter jurisdiction. The Sixth Circuit recognizes two types of Rule 12(b)(1) motions: a "facial" attack challenging the sufficiency of plaintiff's factual allegations, in which all well-pleaded factual allegations are taken as true; and a "factual" attack challenging the actual fact of subject-matter jurisdiction. *See Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*,

491 F.3d 320, 330 (6th Cir. 2007). A facial attack merely questions the sufficiency of the pleading and presumes that all well-pleaded allegations are true, "which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.*

The Sixth Circuit recognizes, however, that in addition to the allegations of the complaint, the court ruling on a Rule 12(b) motion "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008). Under this authority, the minutes of the Township Board meeting of May 3, 2006, at which the challenged zoning ordinance amendments were adopted, may be deemed both "integral to the complaint" and a "public record." Plaintiff's amended complaint details at length the administrative process that led up to the adoption of the challenged ordinance amendment at the Township's May 3, 2006 meeting. (Am. Compl. ¶¶ 34-49). The minutes of that meeting have therefore been placed at issue by plaintiff itself. Defendants' brief in support of its motion to dismiss cites the minutes in only one place, in support of the uncontested assertion that on May 3, 2006, "the Township Board adopted the zoning ordinance amendments, including the R-4 amendment." (Brief, docket # 19, at 4, ID# 141). Defendants, at this point, do not rely on the minutes for the truth of the matter asserted in any of the commentary, but merely as proof that the challenged ordinance amendment was indeed passed. This fact seems completely uncontroversial and is indeed a matter of public record.

Plaintiff's request to strike Exhibit 3 is captious and will be denied.

Defendants' Exhibit 5 stands on a different footing. By submitting Exhibit 5, defendants apparently seek to demonstrate that the Zoning Board of Appeals has granted use variances to other parties in the past. The details of land planning decisions involving unrelated

requests for use variances are not material to the narrow question now before the court. The only pertinent questions frame legal issues: (1) whether the laws of the State of Michigan and the ordinances of Saugatuck Township afford plaintiff an administrative remedy by which it could be granted permission to use the subject real estate for all or some of the uses now contemplated; and, if so, (2) whether either the finality requirement of *Williamson* or the broader ripeness doctrine articulated by the Sixth Circuit for land-use disputes, *see Miles Christi Religious Order v. Township of Northville*, No. 09-1618, ___ F.3d ___, 2010 WL 5151645, at * 3 (6th Cir. Dec. 21, 2010); *Grace Cmty. Church v. Lennox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008), requires plaintiff to pursue those remedies before bringing a federal lawsuit. The only materials relevant to this inquiry are the statutes of the State of Michigan, the ordinances of the Township, and federal case law. That the Township may have granted or denied other landowners a variance on different facts is simply not relevant to defendants' Rule 12(b)(1) motion. In fact, defendants' brief does not discuss Exhibit 5, but merely alludes to it on page vii (ID# 137) as evidence that variances had been granted in the past. In sum, Exhibit 5 is presently irrelevant, and excluding it from consideration at this stage does not seem prejudicial to any party.

The motion to strike will therefore be granted as to Exhibit 5, but denied as to Exhibit 3. This ruling applies only to the court's consideration of defendants' facial challenge to the subject-matter jurisdiction of this court. If defendants' motion is denied and the matter proceeds, this ruling has no effect on the admissibility of any exhibit in connection with future motion practice or hearings. Specifically, if the court finds that plaintiff's amended complaint is sufficient to allege jurisdiction, the existence of lack of subject-matter jurisdiction remains an issue in the case, *see* FED.

R. Civ. P. 12(h)(3), and may be resolved on a factual basis in later proceedings. The admissibility of these and other exhibits is not affected by the present ruling.


Dated: January 12, 2011                /s/  Joseph G. Scoville
                                       United States Magistrate Judge